UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMANTHA ORTIZ Individually
and on behalf of others similarly situated,

      Plaintiff,

v.

WRIGHT OF FLORIDA, LLC

      Defendant.
_____/

**COLLECTIVE ACTION**
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SAMANTHA ORTIZ, individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendant, WRIGHT OF FLORIDA, LLC, (hereinafter known as "DEFENDANT") and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Ocala Division because a substantial part of the events giving

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.     At all times material herein, Plaintiff was and is a resident of Marion County, Florida.

4.      Defendant is a Foreign corporation licensed and authorized and doing business in the State of Florida and doing business within Marion County. At all times material Defendant was an employer as defined by the FLSA.

5.     At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6.     At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7.     Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done

2

that is not less than $500,000.00.

8. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendant, 29 U.S.C. §207(a)(1).

9. Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

10. Plaintiff began her employment in or around March 7, 2023, as a Flagger.

11. In April 2023, Plaintiff was promoted to the position of Crew Leader.

12. As a Crew Leader Plaintiff was provided with a company vehicle and was required to pick up and transport her crew and equipment to and from worksites throughout Central and Northern Florida.

13. Plaintiff was required to maintain her vehicle for which she was not paid.

14. Plaintiff was required to clean and organized her vehicle before departure and/or upon return to the office each day.

15. Plaintiff was regularly not compensated for various work responsibilities including drive time, vehicle maintenance, vehicle loading, unloading, cleaning and organizing.

16. Plaintiff raised her concern about the unpaid wages to her operating supervisor and the payroll administrator, however nothing was done.

17. On one occasion the payroll administrator informed Plaintiff that she was "told to take drive time away because it affects our bonuses".

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

18. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

19. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

20. Throughout her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

21. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

22. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

23. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours

4

in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

24.     Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

25.     Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

26.     As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

27.     As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

28.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant including, but not limited to:

a.     Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.     Awarding Plaintiff liquidated damages in an amount equal to the

overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME
## (COLLECTIVE ACTION)

29. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

30. At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

31. Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

32. At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by

Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

33. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

34. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

**COUNT III**
**BREACH OF CONTRACT**

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

36. That on or about April 2023, the parties entered into an Oral Agreement in which Plaintiff would conduct duties as a Crew Leader in exchange for compensation based on an hourly rate.

37. Plaintiff performed all of the conditions and obligations under the

Agreement.

38. The Defendant failed in its contractual duties to perform its obligations under the Agreement.

39. The actions of Defendant constitute a breach of the Employment Agreement and/or contract between the parties. Specifically, Plaintiff has not been paid for all hours worked.

40. As a direct and proximate result of the Defendant's breach of the agreement, the Plaintiff has sustained damages, including but not limited to the loss of wages, benefits and entitlements under the agreement and consequential damages.

41. As a result of the breach of the Employment Agreement by Defendant, Plaintiff, has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

42. Plaintiff is entitled to fees and costs pursuant to Florida Statutes Chapter 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant and for actual damages; declaratory relief; civil penalties; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

Dated August 23, 2024.

FLORIN|GRAY

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@floringray.com
Troy Longman II
Florida Bar No.: 1031921
tlongman@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff
