UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMANTHA ORTIZ, individually
and on behalf of others similarly
situated,

    Plaintiff,

v.

                                                                          Case No. 5:24-cv-445-TJC-PRL

WRIGHT OF FLORIDA, LLC,

    Defendant.

## O R D E R

**THIS CASE** is before the Court on the Plaintiff's Motion for Conditional Certification of an FLSA Collective Action and Court-Authorized Notice, which has been fully briefed. Docs. 39–41, 44. Plaintiff seeks conditional certification for two groups of employees, flaggers and crew leaders, throughout Florida, related to claims of unpaid overtime under the Fair Labor Standards Act.

### I.    BACKGROUND

Defendant, Wright of Florida, LLC, provides crews to direct traffic during road construction. It employed Plaintiff, Samantha Ortiz, from March 2023 until August 2024. Wright hired Ortiz as a flagger and promoted her the next month to crew leader. Doc. 1 ¶¶ 10–11; Doc. 39-1 ¶ 2. As a crew leader, Ortiz

was issued a company vehicle and alleged she was responsible for vehicle maintenance and to transport crews and equipment. Doc. 1 at ¶¶ 12–15.

Ortiz seeks conditional certification for flaggers and crew leaders and has a proposed notice to potential class members. Doc. 39 at 4, Doc. 39-5. "Flaggers are hourly, non-exempt employees who perform traffic control at roadside work zones by directing traffic, placing signage, and ensuring safety." Doc. 39 at 3. "Crew Leads, also hourly and non-exempt, perform similar on-site duties but are additionally responsible for transporting Flaggers and equipment using company trucks. They must load, unload, fuel, and maintain the vehicles before and after shifts." Id. Ortiz alleged Wright had a policy to not pay for certain categories of time or work before or after an employee's assigned shift. Id. at 5. Accordingly, she filed suit on behalf of herself and others similarly situated.

Count I of the complaint alleges Ortiz consistently worked more than forty hours a week but was not properly compensated and seeks to recover unpaid overtime and other damages under the FLSA. Doc. 1 at ¶¶ 20–29. Count II alleges others were similarly situated and seeks a collective action to recover unpaid overtime and other damages under the FLSA. Id. at ¶¶ 30–34. Count III alleges Wright breached an oral agreement about payment for hours worked. Id. at ¶¶ 36–42.

## II. STANDARD

The FLSA provides for collective actions, using an opt-in process, different than the opt-out process used for Rule 23 class actions. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001). The Eleventh Circuit suggests, but does not require, district courts use a two-step process to manage collective actions. Id. at 1219. The first step involves approval to provide notice to a conditionally certified class. Id. at 1218. The standard for conditional certification is lenient, because there is usually limited evidence at this stage of the litigation. See id. At this initial step, "plaintiffs need only show that their positions are similar, not identical, to the positions held by the putative class members."[1] Id. at 1217 (citation modified). The second step, usually a motion to decertify after discovery is complete, determines if the collective action will be maintained. Id. at 1218.

## III. ANALYSIS

Ortiz filed this lawsuit on August 23, 2024. Doc. 1. Within two months, ten current or former employees filed notices to join. Docs. 10–12, 18, 21. In support of the motion for conditional certification, Ortiz offered her own declaration and three others.[2] All four worked out of the Ocala location as both

---

[1] Plaintiff must also show others desire to opt-in. Dybach v. Fla. Dep't of Corrections, 942 F.2d. 1562, 1567 (11th Cir. 1991). That is not at issue here.

[2] The other three have given notice to join. All of the declarations have

3

flagger and crew leader. Docs. 39-1 to 39-4 ¶¶ 3–4, 9. Each declaration describes duties for both flagger and crew leader, each alleges "frequently working more than 40 hours per week" but not being paid for all hours worked nor at an overtime rate, and each alleges the time-keeping system did not allow them to record time for pre-shift work or travel. Docs. 39-1 to 39-4 ¶¶ 5–6, 10. They allege talking to other flaggers and crew leaders in Florida who described the same practices, even for different projects and work sites. Docs. 39-1 to 39-4 ¶¶ 8–9.

As flaggers, all four report not being paid for time spent "(1) waiting for or riding in company trucks to job sites, (2) loading or unloading equipment, (3) driving to or from sites when asked to ride along, or (4) performing post-shift duties like returning gear or cleaning equipment" even though these tasks were routinely assigned. See Docs. 39-1 to 39-4 ¶ 7. As crew leaders, all four report not being paid for time spent "(1) driving the company truck to and from the job site, (2) waiting for Flaggers to arrive and loading them into the vehicle, (3) loading/unloading and maintaining equipment, and (4) other tasks occurring before or after arriving at the job site." Docs. 39-1, 39-2, and 39-4 ¶ 12; Doc. 39-3 ¶ 13. In addition, they each allege being instructed to "not clock in until

identical descriptions of duties and unpaid time.

4

arriving at the site" despite being responsible for the other tasks described. Docs. 39-1, 39-2, and 39-4 ¶ 12; Doc. 39-3 ¶ 13.

Wright opposes conditional certification arguing Ortiz did not meet her burden of providing enough evidence for the Court to conclude "Plaintiff is similarly situated to the members of the proposed collective." Doc. 40 at 1. While Wright acknowledges the standard for conditional certification is generally lenient, it argues the standard requires "'detailed' and 'substantial allegations.'" Id. at 3. Relatedly, Wright argues the motion relies on "boilerplate" declarations without citing specific allegations from the declarations and that the facts asserted in the motion are not actually in the complaint.[3] See Doc. 40 at 4–11.

Wright's argument that conditional certification requires "detailed and substantial" allegations relies on an Eleventh Circuit case that involved an appeal after decertification of the collective action (at the second step not the first step). Id. at 3 (citing Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007)). The Eleventh Circuit stated substantial and detailed allegations were required to "maintain a collective action" and went on to discuss the difference between evaluating "similarly situated" at the first versus the second step. See id. at 952–53 (emphasis added). So, it doesn't help Wright here at the first step.

---

[3] The motion for conditional certification has one general reference to the declarations. See Doc. 39 at 15.

5

In the complaint, Ortiz alleges she was provided a company vehicle after being promoted to crew leader and was "required to pick up and transport her crew and equipment," "required to maintain her vehicle" but not paid for that time, "required to clean and organize[] her vehicle," and "regularly not compensated for various work responsibilities including drive time, vehicle maintenance, vehicle loading, unloading, cleaning and organizing." Doc. 1 ¶¶ 12–15. The four declarations in support of the conditional certification motion have similar allegations about duties and unpaid time. The declarations (four pages each) and the complaint adequately describe the circumstances allegedly resulting in unpaid time and allow the Court to conclude Oritz and the putative plaintiffs are similarly situated as crew leaders for the purpose of conditional certification.[4]

Wright's opposition offers examples of cases in which conditional certification was denied. Doc. 40 at 3, 11. None of the decisions are binding, they are all sufficiently distinguishable and do not persuade the Court that crew leaders should not be conditionally certified. Id. These decisions do, however, demonstrate, conditional certification is within the discretion of the Court.

Determining whether flaggers should be conditionally certified is a closer call. For flaggers, Wright offers an additional argument that the complaint's

---

[4] Wright does not offer any competing declarations. See Doc. 40.

allegations of unpaid time are solely based on Ortiz's role as a crew leader and not as a flagger, and therefore Ortiz is not similarly situated to other putative plaintiffs seeking unpaid time as flaggers. Doc. 40 at 1–2, 12–14. It is true that the complaint offers specific details of Ortiz's duties and unpaid time as a crew leader but lacks similar information for when Ortiz was a flagger—a role she held less than two months.

Despite the greater detail of crew leader duties, the complaint's claim for unpaid time is not limited to Ortiz's time as a crew leader. Count I alleges Ortiz was not properly paid "throughout her employment." Id. at 20. (In contrast, Count III is limited to when Ortiz was a crew leader. Id. ¶ 36). Similarly, while Ortiz's Answers to Court Interrogatories provide more details about her duties as crew leader, it states her claim was for "15-20 hours per week of unpaid drive time" during the entire time she was employed. Doc. 25 at 2–3. Ortiz's declaration to support conditional certification details her duties as a flagger and claims performance of these duties involved more than forty hours per week without proper compensation.

Thus, to the extent Wright argues Ortiz has not made any claim for unpaid overtime as a flagger, the Court disagrees. Ortiz alleges she was hired as a flagger, promoted to crew leader the next month, and "regularly not compensated for various work responsibilities including drive time, vehicle maintenance, vehicle loading, unloading, cleaning and organizing." Doc. 1 ¶¶

7

10–11, 15. The claim of unpaid drive time and unpaid time for loading and unloading is part of what Oritz (and the other declarants) allege happened both as a flagger and a crew leader.

Under the lenient standard for conditional certification, Ortiz's declaration and those of the three putative plaintiffs offer enough information to conclude that Ortiz and the putative plaintiffs are similarly situated in their time as flaggers. The Court finds that the flaggers should also be conditionally certified.

The proposed notice is for a statewide class. Although the motion refers to conditional certification for all similarly situated employees in Florida, it also stated the geographic scope should be limited to the Ocala location. See Doc. 39 at 1, 19. All the declarations are from Ocala employees. Docs. 39-1 to 39-4. There is insufficient showing for a statewide class. Conditional certification of Ocala-based flaggers and crew leaders is appropriate.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Conditional Certification of an FLSA Collective Action and Court-Authorized Notice, Doc. 39, is **GRANTED in part.** The Court hereby conditionally certifies: all flaggers and crew leads employed by Wright of Florida, LLC, based in its Ocala, Florida office.

2. The parties shall confer regarding the proposed notice (Doc. 39-5), the information to be shared for the notice, the period to be covered, and related concerns. The parties shall file a joint status report regarding the notice and related issues **no later than February 6, 2026**. If necessary, the status report should identify areas in dispute and include the parties' positions.

3. The parties shall jointly file an amended Case Management Report **no later than February 6, 2026.**

**DONE AND ORDERED** in Jacksonville, Florida the 16th day of January, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record